*993 OPINION.
Siepkin:
The petitioner in this proceeding contends, that during the years 1918, 1919, and 1920 it was a building and loan association within the meaning of section 231 (4) of the Revenue Act of 1918 and ivas, therefore, entitled to exemption from Federal taxation.
The Revenue Act of 1918 provides:
Sec. 231. That the following organizations shall be exempt from taxation under this title—
*******
(4) Domestic building and loan associations and cooperative banks without capital stock organized and operated for mutual purposes and without profit; * * *
We have heretofore in Johnstown Building & Loan Association, 6 B. T. A. 463, construed the above section. In that case Ave denied exemption to the association because it had so far departed from the practice of building and loan associations that it could not be classed as such. In that case we stated:
When Congress, in these acts levying income taxes, consistently granted to building and loan associations a favored position among other corporations, we have no doubt it did so on account of what it regarded as the well known and universally recognized peculiar characteristic of these organizations, and the legislative mind appears to have had no doubt that the plain lines of distinction between building and loan associations and other corporations tvould he found to be so apparent that there would be little, if any, difficulty, in distinguishing those organizations exempt from those organizations upon which corporate income and profits taxes were levied.
* * * * * * *
*994 It thus appears that all the authorities agree that the distinguishing feature characteristic of building and loan associations is the substantial mutuality of benefit or its reverse existing between all members of each association, and that Congress in all of the Acts of 1909 to 1921 has granted an exemption from income and profits taxation only to those associations organized for mutual benefit or mutual purposes; that all of the authorities above cited agree that some measure of departure, like the borrowing of funds from nonmembers or the making of loans to nonmembers when done merely as an incident to the general purpose of the organization, does not defeat the exemption.
In Broadview Savings & Loan Co., 10 B. T. A. 725, in discussing tlie characteristics of a building and loan association, we stated :
But the mutuality peculiar to building and loan associations is not confined alone to the participation of the members in sharing profits and losses. Such mutuality pertains also to the members of an ordinary commercial partnership or association, and to the stockholders of an ordinary corporation engaged in a business enterprise for profit, the income of which is subject to tax. The mutuality essential to a building and loan association must include not only a mutuality of right with respect to the control of the association, and a mutuality with respect to the assets of the association, but its primary design must be that of an instrumentality of mutual helpfulness among its members in saving and borrowing for home owning. Lilley Building & Loan Co. v. Miller, 280 Fed. 143.
*******
The fact that a corporation calls itself a building and-loan association, or that it operates as such under the laws of a State, is not determinative of its true character. If the mutuality requisite to a building and loan association is lacking, it is not entitled to exemption from the Federal income tax.
As pointed out hereinbefore, the borrowing of funds from nonmembers or the making of loans to nonmembers when done merely as an incident to the general purpose of the organization does not defeat the exemption. The question then arises as to whether the petitioner in the instant proceeding in making loans to and borrowing money from nonmembers did so incidentally in the conduct of the business of a building and loan association.
The evidence discloses that during 1918 loans were made to members or stockholders in the amount of $60,825, and to nonmembers or nonstockholders in the amount of $71,370; in 1919, to members $358,100, and to nonmembers $293,340; and in 1920, to members $318,225, and to nonmembers $120,585.
All deposits received by petitioner during the years 1918, 1919, and 1920, were deposits made by nonmembers or nonstockholders and were in the following amounts:
1918_ $268,522.83
1919_ 579, 592.47
1920_ 566, 576.06
We must conclude that the business transacted by the petitioner with nonmembers or nonstockholders during the years 1918, 1919, and 1920 was not merely incidental to the conduct of a true building *995 and loan association, and that the petitioner lacked the mutuality ordinarily attributable to a building and loan association as referred to in the Revenue Act of 1918.
We accordingly hold that it is not entitled to exemption from taxation under that Act. *

Judgment will be entered for the respondent.